UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  5:19 CR 239** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **RAMON J. WRIGHT, JR.** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Ramon J. Wright's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release Due to COVID-19 Circumstances. **Doc #: 38**. Wright, who resides at FCI Allenwood Medium, seeks an order reducing his sentence and placing him on home confinement based on concerns about the COVID-19 pandemic and the difficulty the BOP has had containing the virus in federal prisons.[1] For the following reasons, the Motion is **DENIED WITH PREJUDICE**.

**I.    Background**

On October 1, 2018, Wright was charged in a federal complaint with one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1).  Doc #: 1.  That charge arose from an incident in which Wright, while being treated

---

[1]While the Court has the authority to reduce a federal prisoner's sentence, it does not have the authority to order the BOP to release a prisoner to home confinement. *United States v. Miller*, No. 2:17 CR 87, 2017 WL 5514528, at *1 (S.D. Ohio Nov. 16, 2017); *United States v. Hardin*, No. 1:19 CR 240 at 2 (N.D. Ohio Apr. 7, 2020).

by paramedics for a gunshot wound, was found to possess 22.42 grams of fentanyl and $4,765 in cash. Id.  Based on Wright's need for medical treatment related to the shooting, the parties agreed to, and the Court granted, three extensions of time to bring an indictment.  Doc ##: 10, 14, 10.  The Court also granted Wright a furlough from custody from January 17, 2019 through March 14, 2019 for necessary medical treatment.

On April 18, 2019, Wright pled guilty, pursuant to a Rule 11(c)(1)(A) and (B) Plea Agreement, to an information charging him with one count of Bank Fraud in violation of 18 U.S.C. § 1344(2), and one count of Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[2]  Doc #: 22.  In that Agreement, Wright agreed to forfeit the $4,765 as proceeds related to drug trafficking.  Id.  Furthermore, the parties agreed to recommend that the Court impose a sentence within the agreed, applicable Guidelines range of 46 to 57 months.  Id.  They also agreed that neither party would recommend or suggest in any way that a departure or variance was appropriate.  Id.  On September 4, 2019, the Court sentenced Wright to the low end of the applicable Guidelines range, or 46 months, followed by three years of supervised release.  Doc #: 31.  Wright has served only 18 months of his sentence and has a scheduled release date of March 23, 2022.

**II.    Discussion[3]**

Under § 3852(c)(1)(A)(i), before granting a sentence modification, a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is

---

[2]Coincidentally, at the time Wright was charged with the drug offense, he was also under investigation by the FBI for engaging in bank fraud.

[3]Because it is undisputed that Wright has exhausted his administrative remedies, the Court moves directly to the merits.  Doc #: 38 at 3; Doc #: 4 at 8.

-2-

not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *Hardin*, No. 1:19 CR 240, Doc #: 25 at 4; *Little*, No. 1:18 CR 308, Doc #: 29 at 2.

### 1.     **Extraordinary and Compelling Reasons**

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1.[4]  Here, the only relevant category is the fourth category, labeled "other reasons." *Hardin*, No. 1:19 CR 240, Doc #: 25 at 5-6; *Little*, No 1:18 CR 308, Doc #: 29 at 2-3.  To determine whether "other reasons" warrant sentence modification, this Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id*. at 6-7.

As to the first factor, Wright is 31 years old.  His medical records at FCI Allenwood Medium shows that he has received medical and dental care since entering the facility on September 23, 2019.  Doc #: 42. Wright's primary complaint has to do with windpipe surgery he had a year ago to repair damage related to his gunshot wound.  He says that while his breathing issues have improved in the year since his surgery, he still has trouble breathing, especially at night.  However, he has had at least four comprehensive medical exams since arriving at Allenwood Medium, most recently on May 27, 2020.  At all four exams, medical personnel documented that there were no pulmonary/respiratory issues or concerns.  In fact, on

---

[4]Application Note 1 lists three specific categories and examples of extraordinary and compelling reasons along with a fourth catchall provision.  Specifically, the notes explain when a defendant's medical condition (subsection A), health and age together (subsection B), or family circumstance (subsection C) qualifies for compassionate release.  U.S.S.G. § 1B1.13, App. N.1.  Subsection D applies if there exists in a defendant's case, an extraordinary and compelling reason other than, or in combination with, the reasons asserted in (A) through (C).

October 16, 2019, Wright sought medical care for an injury to his ankle while running "suicide" drills for basketball training. Id. at 10.  Other than a brief period of activity restriction due to his ankle injury, he has had no medical restrictions on activity or work while residing at Allenwood Medium.  Otherwise, the records show that Wright has high blood pressure for which he is being treated.  And although he is obese, his Body Mass Index (BMI) of 34.7 does not place him in the CDC's risk category of severe obesity (BMI 40 or more) rendering him particularly vulnerable to serious COVID-19 complications should he contract it.

Wright must also show that the prison where he resides has a severe COVID-19 outbreak. Wright concedes that at the time he filed the Motion, Allenwood Medium did not have any reported COVID-19 cases.  The Court has confirmed that there are no positive cases of COVID-19 at Allenwood Medium today.[5]  Because Wright has failed to show that he is at high risk of suffering grave complications should he contract the virus, or that the prison where he resides has a severe COVID-19 outbreak, the Court finds he has failed to show extraordinary and compelling reasons justifying his release.

Even if he could make that showing, the Court would still deny the Motion because Wright has failed to show he is not a danger to the community.  Wright claims he has proved that he does not pose a danger to the community if released because he resided in the community on medical furlough for over two months without incident.  But that was a year ago when he was seriously ill and unlikely a danger to the community.  Today, he appears, for the most part, to have recovered.

---

[5]See https://www.bop.gov/coronavirus/ (last viewed on July 6, 2020).

Additionally, a sentence must reflect the seriousness of the offense, provide just punishment for it, and afford adequate deterrence to criminal conduct in the future. 18 U.S.C. §§ 3553(a)(2)(A) and (B). Where a district court fails to impose a sentence that adequately reflects the seriousness of the crime, courts in this Circuit have held that the sentence insufficiently constitutes just punishment *and* fails to afford adequate deterrence. *United States v. Rothwell*, 847 F.Supp.2d 1048, 1069 (E.D. Tenn.2012) *(*citing *United States v. Robinson*, 669 F.3d at 767, 777 (6th Cir. 2012)). The Court must also consider the nature and circumstances of the offense(s) and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

A look at Wright's criminal history is troubling. It includes state court convictions for Robbery and Trafficking in Drugs during which he and another male robbed three victims at gunpoint, stole their car and shot at them. Wright was also previously convicted in federal court for being a Felon in Possession of a Firearm. Following a 36-month sentence in that case, he violated the terms of his supervised release by associating with known felons. Based on his repeated criminal activity, it is clear that the consequences previously imposed on Wright did little to deter him from committing additional crimes.

Moreover, the bank fraud for which Wright is incarcerated involved a conspiracy to use fraudulent and falsified documents to obtain multiple loans and credit accounts from two different banks. The loss attributable to Wright's conduct was $71,000. This conduct occurred between July 2017 and February 2018. Less than six months later, Wright was carrying over 22 grams of fentanyl and $4,765 in drug proceeds when he was shot at a nightclub in a scuffle over a woman. This is yet another indication that previous convictions and sentences failed to deter his criminal conduct.

Finally, no one can doubt that the unlawful distribution of fentanyl is an extremely serious crime.  Fentanyl is a synthetic opioid similar to morphine; but it is 50-100 times more potent than morphine and can be fatal at doses of a fraction of a gram.  Here, only a gunshot wound prevented its dissemination.

All things considered, the Court finds that releasing Wright after 18 months of a 46-month sentence would not reflect the seriousness of his crimes, be just punishment, provide adequate deterrence to future criminal conduct or lessen his risk of danger to the community.

### III. Conclusion

The Court appreciates the efforts Ramon Wright is making at Allenwood Medium to rehabilitate himself physically and mentally, and to prepare for a productive, law-abiding future following his release.  In ruling against sentence reduction or release, the Court does not undervalue Wright's medical concerns given the difficulty social-distancing at prisons in the midst of this pandemic.  However, Allenwood Medium has thusfar contained the coronavirus–the only person who tested positive for COVID-19 at Allenwood Medium is a staff member who has fully recovered–and there are no other cases.

Because Wright has failed to satisfy his burden justifying a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the Motion, **Doc #: 41**, is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     July 6, 2020*
**Dan Aaron Polster**
**United States District Judge**